UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| CARLOS MOUNTS ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. _____ |
| ) | |
| JON BARRY & ASSOCIATES, INC. ) | Jury Trial Demanded |
| d/b/a PARAGON REVENUE GROUP, ) | |
| ) | |
| Defendant. ) | |

# COMPLAINT

## INTRODUCTION

1. This action arises out of Defendant Jon Barry & Associates, Inc. d/b/a Paragon Revenue Group's (Paragon) violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), in its illegal efforts to collect a consumer debt.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper in this District because the acts and omissions occurred here and Plaintiff resides here.

## PARTIES

4. Plaintiff Carlos Mounts (Plaintiff) is a natural person who resides in Jefferson County, Tennessee, and a "consumer" as defined by 15 U.S.C. § 1692a(3).

5. Paragon is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

1

## FAIR DEBT COLLECTION PRACTICES ACT

6. The FDCPA is a federal statute which regulates debt collectors in the collection of consumer debts. **See 15 U.S.C. §§ 1692** *et seq.*

7. Congress passed the FDCPA because "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors . . . , [e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers . . . , and [m]eans other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts." **15 U.S.C. §§ 1692 (a), (b), and (c).**

8. The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." **15 U.S.C. § 1692 (e).**

9. The Sixth Circuit reaffirmed in *Stratton v. Portfolio Recovery Associates, LLC*, 770 F.3d. 443, 448-449 (6th Cir. 2014) that: "'The Fair Debt Collection Practices Act is an extraordinarily broad statute' and must be construed accordingly. *Frey v. Gangwish*, 970 F.2d 1516, 1521 (6th Cir. 1992)"; *see also Currier v. First Resolution Inv. Corp.*, 762 F.3d 529, 533 (6th Cir. 2014).

## FACTUAL ALLEGATIONS

10. Paragon has alleged Plaintiff incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5), namely, a medical debt alleged to be owed to an entity named Jefferson Memorial Hospital (JMH).

11. After default, the alleged debt was assigned to Paragon for collection from Plaintiff.

12. Paragon is regularly engaged in collection of consumer debts owed or due or asserted to be owed or due another, and incurred for personal, family or household purposes, and attempts to collect them by making telephone calls, sending collection letters, and credit reporting.

### *Collection Communications*

13. A "communication" under the FDCPA means conveying the information regarding a debt directly or indirectly to any person through any medium. **15 U.S.C. § 1692a(2).**

14. On or about December 22, 2015, Paragon sent a form collection letter to Plaintiff that states Plaintiff owes $454.37 to JMH on account number 18426700 (collection letter). **Copy filed as exhibit 1 this Complaint (hereinafter "Doc. 1-1").**

15. The collection letter also states:

### **FINAL NOTICE**

You have been previously notified of the outstanding balance on the above referenced account(s). Please contact our office.

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

$30.00 Service charge on all returned checks.

. . .

This agency is licensed by the Tennessee Collection Service Board of the Department of Commerce and Insurance.

16. Tennessee Code Annotated § 62-20-115 (b) states that it is a violation of the Tennessee Collection Service Act (TCSA) and the Tennessee Collection Service Board (Collection

Board) "may suspend, revoke or refuse to renew any license held under this chapter for any of the following causes:

. . .

> (2) Collecting or attempting to collect from the debtor any fee, commission or other compensation not provide by law for collection services rendered to a client, except that a collection service may recover from debtors reasonable charges imposed by banks for processing insufficient fund checks; provided, that the charges do not exceed nine dollars ($9.00) per check".

17. Paragon held a collection service license to collect debts on December 22, 2015 when it sent the collection letter to Plaintiff, and is subject to all requirements of the Tennessee Collection Service Act, Tenn. Code Ann. §§ 62-20-101, *et seq.*, including the one that prohibits it from collecting or attempting to collect more than $9.00 for a returned check. **See Doc. 1-1.**

18. By threatening to attempt to collect a $30.00 service charge on a returned check from Plaintiff when it is prohibited from collecting no more than $9.00 per returned check is the use by Paragon of a "false, deceptive, and misleading representation or means in connection with collection of any debt" in violation of 15 U.S.C. § 1692e, the "false representation of the character . . . or legal status of any debt", in violation of 15 U.S.C. § 1692e(2)(A), the "threat to take any action that cannot be legally taken", in violation of 15 U.S.C. § 1692e(5), the "use or distribution of any written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court, official, or agency of the United States or any State, or which creates a false impression as to its source, authorization, or approval", in violation of 15 U.S.C. § 1692e(9), the "use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer", in violation of 15

U.S.C. § 1692e(10), and the use of "unfair or unconscionable means to collect or attempt to collect any debt, in violation of 15 U.S.C. § 1692f.

*Summary*

19. Paragon's above-detailed conduct in connection with collection of the debt was conduct in violation of numerous and multiple FDCPA provisions including, but not limited to the above-cited provisions.

## TRIAL BY JURY

20. Plaintiff is entitled to and hereby respectfully demands a trial by jury. **US Const. amend. 7. Fed.R.Civ.P. 38.**

## CAUSES OF ACTION

## COUNT I-VI.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(9), 1692e(10), and 1692f

21. Plaintiff incorporates by reference all the above paragraphs as though fully stated herein.

22. The foregoing acts and omissions of Paragon constitute numerous and multiple FDCPA violations with respect to Plaintiff, including, but not limited to every one of the above-cited FDCPA provisions.

23. Because of the FDCPA violations, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1), in an amount to be determined at trial by a jury; statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Paragon.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Paragon:

# COUNT I-VI.

# VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

# 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(9), 1692e(10), and 1692f

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Paragon and for Plaintiff, in an amount to be determined at trial by a jury;

- for an award of statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A) in the amount of $1,000.00 against Paragon, and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Paragon and for Plaintiff; and

- for such other and further relief, as may be just and proper.

12/20/16                                    Respectfully submitted,

**CARLOS MOUNTS**

s/      Alan C. Lee
Alan C. Lee, BPR # 012700
P. O. Box 1357
Talbott, TN 37877-1357
(423) 581-0924
aleeattorney@gmail.com

Attorney for Plaintiff